**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CARLTON GARY,**

      **Plaintiff,**

**vs.**                                                                                  **Case No. 4:13cv176-RH/CAS**

**AIRMAR, et al.,**

      **Defendants.**
_____/

## ORDER and REPORT AND RECOMMENDATION

In a Court Order entered on July 17, 2013, Plaintiff's motion for an extension of

time was granted and Plaintiff was directed to file the amended complaint by August 12,

2013.  Doc. 17.  Plaintiff, an inmate proceeding pro se, did not file the amended

complaint but, instead, submitted a document which was construed as a motion to

compel.  Doc. 18.  Plaintiff contends that several franchises have not provided him with

the owner's name such that he can pursue his claim.  *Id.*  Another Order was entered

pointing out the various deficiencies from Plaintiff's amended complaint, doc. 10, and

explaining again that none of his six named Defendants could be sued under § 1983

because they are not "persons."  Doc. 19.  Plaintiff was once again directed to submit an

amended complaint limited only to his claim that he was not provided follow-up medical

care.  *Id.*   Plaintiff was informed that he does not need the names of business owners because Plaintiff may not pursue his claim related to the food served to him.  Doc. 19.  Finally, Plaintiff was informed that because he had already been provided additional time to comply with the June 12, 2013, Order, doc. 10, no further extensions of time would be provided to him.  The amended complaint was to be filed by September 23, 2013, and Plaintiff was advised that failure to comply would result in a recommendation of dismissal of this case.  *Id.*

Plaintiff has not complied with the orders requiring him to file an amended complaint.  Instead, Plaintiff has now filed a Motion to Disqualify Trial Judge.  Doc. 20.  Plaintiff has not provided sufficient reason for recusal pursuant to 28 U.S.C. § 455(b).  Recusal is only required when there is an alleged bias that is personal in nature.  Phillips v. Joint Legislative Comm., 637 F.2d 1014, 1020 (5th Cir. 1981), *cert. denied*, 456 U.S. 960 (1982).  There are no contentions of a personal bias stemming "from an extra-judicial source."  United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S. Ct. 1698, 1710, 16 L. Ed. 2d 778 (1966).  Because displeasure with a judge's rulings are not valid grounds for recusal, Berger v. United States, 255 U.S. 22, 31, 41 S. Ct. 230, 232, 65 L. Ed. 481 (1921), Plaintiff's motion should be denied.

Moreover, because Plaintiff has had sufficient time to comply with clear and direct court orders, this case should be dismissed.  A trial court has inherent power to dismiss a case sua sponte for failure to prosecute.  Link v. Wabash R.R., 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991).  Also, Federal. R. Civ. P. 41(b) authorizes a district court to dismiss an action for failure to obey a court order.  Moon v.

<u>Newsome</u>, 863 F.2d 835, 838 (11th Cir. 1989), cert. denied, 493 U.S. 863 (1989), and cases cited; <u>Phipps v. Blakeney</u>, 8 F.3d 788, 790 (11th Cir. 1993).  Since Plaintiff has failed to comply with multiple court orders and prosecute this case, this action should now be dismissed.

Plaintiff shall have a 14 day period after service of this report and recommendation in which to file objections.  This will also afford Plaintiff a final opportunity to show good cause for his failure to respond.  Alternatively, Plaintiff may also file a "motion for reconsideration" which will be referred to me by the Clerk.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Disqualify Trial Judge, doc. 20, is **DENIED**.

**RECOMMENDED**

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with court orders and file an amended complaint as directed, and for his failure to prosecute.

**IN CHAMBERS** at Tallahassee, Florida, on September 30, 2013.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**