IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CARLTON GARY,

    Plaintiff,

v.                                          CASE NO. 4:13cv176-RH/CAS

AIRMAR et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This prisoner civil-rights case is before the court on the magistrate judge's report and recommendation, ECF No. 21 and the objections, ECF No. 24. I have reviewed *de novo* the issues raised by the objections.

The petitioner Carlton Gray's complaint is less than clear, but he apparently claims that he was served unhealthful food derived from an unknown or perhaps misrepresented source, that he became ill, and that he received inadequate medical care. The complaint named as defendants private companies (who perhaps provided the food), the United States Department of Agriculture (who perhaps approved distribution of food like this), and state correctional facilities (not suable entities, but perhaps properly construed as the Florida Department of Corrections).

The magistrate judge concluded that the complaint fails to state a claim on which relief can be granted. That is correct. At least in the absence of circumstances well beyond those alleged here, the United States Department of Agriculture cannot be held liable to a consumer for a regulatory decision like this. The Department of Corrections is not a "person" who can be sued under 42 U.S.C. § 1983. *See, e.g.*, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). And a private entity can be held liable under § 1983 only when the private entity acts under color of law—for example, when the private entity conspires with, or acts in concert with, a state actor. The complaint does not allege facts sufficient to state a claim on this basis.

The magistrate judge ordered Mr. Gray to file an amended complaint. Mr. Gray's options at that point were to file objections under Federal Rule of Civil Procedure 72 or to comply with the order. Mr. Gray did neither. He moved to disqualify the magistrate judge, but that motion was frivolous. A judge is not subject to disqualification merely for entering an order contrary to a litigant's position. And that is true even if the order is incorrect.

The magistrate judge's order to amend was entered on June 12, 2013. The original deadline for filing an amended complaint was July 12, 2013. Mr. Gray sought and obtained an extension of the deadline to August 12, 2013. When Mr. Gray still had not filed an amended complaint by September 30, 2013, the

magistrate judge entered the report and recommendation concluding the complaint should be dismissed and the case should be closed. Now, nearly five months after entry of the original order to file an amended complaint, nearly three months after the extended deadline for doing so, and more than a month after entry of the report and recommendation, Mr. Gray still has not tendered an amended complaint.

Enough is enough. With the volume of cases presented in this court—including the high volume of prisoner civil-rights cases—the court must manage the docket. At some point, a litigant's recalcitrance must have consequences. Mr. Gray has failed to comply with the very reasonable order to amend the complaint. The case should now be dismissed.

Accordingly,

IT IS ORDERED:

The report and recommendation is ACCEPTED. The clerk must enter judgment stating, "The complaint is dismissed without prejudice." The clerk must close the file.

SO ORDERED on November 3, 2013.

s/Robert L. Hinkle<br>United States District Judge